UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

MARIA S.,

Plaintiff,

v.

FRANK BISIGNANO, Commissioner of Social Security,

Defendant.

Case No.: 3:25-cv-3084-SBC

**ORDER AFFIRMING FINAL DECISION OF THE COMMISSIONER OF SOCIAL SECURITY**

On November 10, 2025, Plaintiff Maria S.[1] commenced this action against Defendant Frank Bisignano, Commissioner of Social Security, for judicial review under 42 U.S.C. § 405(g) of a final adverse decision for disability insurance benefits. (Dkt. No. 1 at 2.) On November 17, 2025, Plaintiff consented to the undersigned's jurisdiction to conduct all proceedings in this case. (Dkt. No. 5.)[2] The Commissioner filed the Administrative Record on February 4, 2026. (Dkt. No. 12.) Plaintiff filed a Merits Brief on

[1] The Court refers to Plaintiff using only her first name and last initial pursuant to the Court's Civil Local Rules. *See* CivLR 7.1(e)(6)(b).

[2] The United States has informed the Court of its general consent to Magistrate Judge jurisdiction in cases of this nature. *See* S.D. Cal. Gen. Order No. 707 (Apr. 12, 2019).

March 5, 2026. (Dkt. No. 14.) Defendant filed a Responding Brief on May 6, 2026. (Dkt. No. 18.) Plaintiff filed a Reply Brief on May 20, 2026. (Dkt. No. 20.)

For the following reasons, the final decision of the Commissioner is **AFFIRMED**.

## I. BACKGROUND

### A. Factual and Procedural History

Plaintiff, who was born in 1972, previously held employment as a bus driver. (AR 25; 33; 281; 670; 751.)[3] On November 21, 2019, Plaintiff filed an application for disability insurance benefits under the Social Security Act. (AR 281-282.) She alleged that she had been disabled since January 18, 2018, due to obesity, degenerative joint disease of the bilateral knees, left carpal tunnel syndrome, status post release surgery, obstructive sleep apnea, major depressive disorder, post-traumatic stress disorder, anxiety disorder, type 2 diabetes mellitus, hyperlipidemia, hypertension, hyperthyroidism, aortic valve stenosis, and menorrhagia. (AR 773.)

Plaintiff's applications were denied on initial review on April 2, 2020, and again on reconsideration. (AR 238-241; 242-246.) An administrative hearing was conducted on January 22, 2021, by Administrative Law Judge ("ALJ") Kevin W. Messer. (AR 164-187; 255-273.) On February 24, 2021, the ALJ issued a first unfavorable decision. (AR 13-30). Plaintiff requested a review of the ALJ's decision; the Appeals Council denied the request on January 19, 2022. (AR 274-280; 1-6.) Plaintiff then sought judicial review and this Court found legal error, reversing and remanding the case for further administration proceedings on March 8, 2024. (AR 864-874.) The Appeals Council effectuated the order on May 20, 2024, and remanded the case to ALJ Kevin W. Messer. (AR 878-882; 880; 944-959.) ALJ Messer conducted the second oral hearing on November 8, 2024. (AR 794-

[3] "AR" refers to the Administrative Record filed on February 4, 2026. (Dkt. No. 12.) The Court's citations to the AR use the page references on the original document rather than the page numbers designated by the Court's case management/electronic case filing system ("CM/ECF"). For all other documents, the Court's citations are to the page numbers affixed by CM/ECF.

828.) On December 9, 2024, the ALJ issued a second unfavorable decision. (AR 767-793.) Plaintiff requested a review of the ALJ's decision; the Appeals Council denied the request on September 26, 2025. (AR 966-1082; 755-761.) Plaintiff then commenced this action pursuant to 42 U.S.C. § 405(g).

**B. ALJ's Decision**

In rendering his decision, the ALJ followed the Commissioner's five-step sequential evaluation process. *See* 20 C.F.R. § 404.1520; *see also Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999) (describing the five steps). The ALJ determined at step one that Plaintiff had not engaged in substantial gainful activity between January 18, 2018, the alleged onset date, and September 30, 2023, Plaintiff's date last insured. (AR 773.) At step two, the ALJ found that Plaintiff's severe impairments included obesity, degenerative joint disease of the bilateral knees, left carpal tunnel syndrome, status post release surgery, obstructive sleep apnea, major depressive disorder, post-traumatic stress disorder, and anxiety disorder. (*Id.*) He found the following impairments non-severe: type 2 diabetes mellitus, hyperlipidemia, hypertension, hyperthyroidism, aortic valve stenosis, and menorrhagia. (AR 773.) The ALJ determined at step three that Plaintiff did not have an impairment or combination of impairments that met or medically equaled a listed impairment. (AR 774.) The ALJ determined that Plaintiff had the residual functional capacity ("RFC") to perform light work with the following limitations:

> [L]ight work as defined in 20 C.F.R. 404.1567(b) except the claimant could occasionally climb ramps and stairs, and never climb ladders, ropes and scaffolds. The claimant could occasionally balance, stoop, kneel, crouch and crawl. The claimant could frequently handle and finger with the left upper extremity. The claimant can understand, remember, and carry out simple tasks, have only occasional interaction with the general public, only occasional work-related, non-personal, non-social interaction with co-workers and supervisors, and is limited to jobs requiring only simple work-related decisions. However, the claimant can keep pace sufficient to complete tasks and meet quotas typically found in simple, unskilled work.

(AR 776-777.)

At step four, the ALJ determined that Plaintiff had no past relevant work. (AR 785.) At step five, the ALJ found that Plaintiff could perform the requirements of representative occupations such as hand packager, subassembler, and inspector. (AR 786.) Accordingly, the ALJ concluded that Plaintiff had not been under a disability from January 18, 2018, the alleged onset date, through September 30, 2023, the date last insured. (AR 787.)

### C. <u>Disputed Issues</u>

The two issues in dispute are whether the ALJ provided specific, clear, and convincing reasons for discounting Plaintiff's subjective symptom testimony and germane reasons for discounting the lay witness testimony of Gilda Page, Plaintiff's mother. (Merits Brief, Dkt. No. 14 at 5-25.) In analyzing the ALJ's opinion, the ALJ appears to reject Plaintiff's symptom testimony for two reasons: (i) that Plaintiff's symptom testimony is not supported by the record; and (ii) that Plaintiff's symptom testimony is inconsistent with her activities of daily living. The ALJ appears to reject the lay witness testimony by Ms. Page because he found that the extent of the limitations Ms. Page described was inconsistent with the medical evidence and other evidence discussed in the decision. For the reasons discussed below, the Court concludes that the ALJ provided specific, clear, and convincing reasons for discounting Plaintiff's subjective symptom testimony and germane reasons for discounting Ms. Page's lay witness testimony. Therefore, the Court **AFFIRMS** the final decision of the Commissioner.

## II. LEGAL STANDARDS

Section 405(g) of the Social Security Act allows unsuccessful applicants to seek judicial review of a final agency decision of the Commissioner. 42 U.S.C. § 405(g). The scope of judicial review is limited, however, and the denial of benefits "'will be disturbed only if it is not supported by substantial evidence or is based on legal error.'" *Brawner v. Sec'y of Health & Hum. Servs.*, 839 F.2d 432, 433 (9th Cir. 1988) (quoting *Green v. Heckler*, 803 F.2d 528, 529 (9th Cir. 1986)); *see also Garrison v. Colvin*, 759 F.3d 995, 1009 (9th Cir. 2014). Substantial evidence means "'more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate

to support a conclusion.'" *Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir. 1997) (quoting *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)); *see also Biestek v. Berryhill*, 587 U.S. 97, 103, 139 S. Ct. 1148, 1154, 203 L. Ed. 2d 504 (2019) ("[W]hatever the meaning of 'substantial' in other contexts, the threshold for . . . evidentiary sufficiency [under the substantial evidence standard] is not high."). The Court must consider the entire record, including the evidence that supports and detracts from the Commissioner's conclusions. *Desrosiers v. Sec'y of Health & Hum. Servs.*, 846 F.2d 573, 576 (9th Cir. 1988). If the evidence supports more than one rational interpretation, the court must uphold the ALJ's decision. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005); *Ford v. Saul*, 950 F.3d 1141, 1154 (9th Cir. 2020). The district court may affirm, modify, or reverse the Commissioner's decision. 42 U.S.C. § 405(g). The matter may also be remanded to the Social Security Administration for further proceedings. *Id.*

## III. DISCUSSION

### A. Evaluation of Subjective Symptom Testimony

Plaintiff's main contention is that clear and convincing reasons for rejecting her testimony were not articulated. (Merits Brief, Dkt. No. 14 at 5.) In response, the Commissioner maintains that the ALJ properly found Plaintiff's allegations inconsistent with the overall evidence of the record and that the credibility determination was supported by specific citations to medical records and expert testimony. (Responsive Brief, Dkt. No. 18 at 6.) The Court finds that there was no legal error because the ALJ provided specific, clear, and convincing reasons to discount Plaintiff's testimony about the severity of her symptoms.

#### 1. Plaintiff's symptom testimony

At the administrative hearing, Plaintiff testified that she is five foot seven inches tall and weighs 284 pounds. (AR 799.) Plaintiff wears two knee braces and can walk past "four houses" before "it gets very tricky." (AR 801-802.) Plaintiff has had carpal tunnel surgery on both her hands. (AR 802-803.) Plaintiff has depression, PTSD, and anxiety but has trouble affording mental health treatment and feels tired due to her sleep apnea. (AR 804-

805). Plaintiff bakes cookies as a form of mental health therapy and sells them for $200 a month (AR 806-807.) Plaintiff can stand/walk for about 25 to 30 minutes before needing to take a break and can carry a gallon of milk for about 50 feet before her knees "are popped." (AR 809-811.)

**2. Applicable standards**

It is up to the ALJ "to determine credibility, resolve conflicts in the testimony, and resolve ambiguities in the record." *Lambert v. Saul*, 980 F.3d 1266, 1277 (9th Cir. 2020) (quoting *Treichler v. Comm'r Soc. Sec. Admin.*, 775 F.3d 1090, 1098 (9th Cir. 2014)). An ALJ engages in a two-step analysis to determine the extent to which a claimant's report of symptoms must be credited. First, the ALJ must decide whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged. *Garrison*, 759 F.3d at 1014; *see also* SSR 16-3p, 2017 WL 5180304, at *3 (Oct. 25, 2017); 20 C.F.R. § 404.1529(b). Second, the ALJ evaluates the intensity and persistence of the claimant's symptoms to determine the extent to which they limit the ability to perform work-related activities. SSR 16-3p, 2017 WL 5180304, at *4; 20 C.F.R. § 404.1529(c). When the ALJ finds that a claimant is not malingering, "the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so." *Garrison*, 759 F.3d at 1014-15; *see also Lambert*, 980 F.3d at 1277; *Smartt v. Kijakazi*, 53 F.4th 489, 497 (9th Cir. 2022). This requires the ALJ to "specifically identify the testimony [from a claimant] she or he finds not to be credible and . . . explain what evidence undermines that testimony." *Lambert*, 980 F.3d at 1277 (citing *Treichler*, 775 F.3d at 1102). However, even if the ALJ's articulation of the evidence could have been clearer, this does not establish error. As the Ninth Circuit has held, "[e]ven when an agency explains its decision with less than ideal clarity, [the court] must uphold it if the agency's path may reasonably be discerned." *Molina v. Astrue*, 674 F.3d 1104, 1121 (9th Cir. 2012) (internal quotations omitted); *see also Lambert*, 980 F.3d at 1277 (ALJs are not required to "draft dissertations" when denying benefits); *Eric Burrell M. v. Berryhill*, 2019 WL

2719411, at *8 (C.D. Cal. June 28, 2019) (reviewing court may "draw reasonable inferences" from ALJ's discussion of the evidence).

**3. The ALJ provided specific, clear, and convincing reasons for discounting Plaintiff's subjective symptom testimony**

The ALJ determined that Plaintiff satisfied step one of the two-step analysis. (AR 777 ("[T]he claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms")). At the second step, the ALJ stated that "[Plaintiff's] statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record …" (*Id.*) This language is insufficient in and of itself to meet the requirements set forth in Ninth Circuit authority to reject a plaintiff's pain testimony because it does not "identify what parts of the claimant's testimony were not credible and why." *See Lambert*, 980 F.3d at 1277; *Treichler*, 775 F.3d at 1103. However, the ALJ continues by citing specific reasons, for each medical condition, why Plaintiff's testimony is discounted.[4]

Throughout the decision, the ALJ identified specific reasons why Plaintiff's allegations were inconsistent with the medical evidence. A specific example is in the ALJ's analysis of Plaintiff's left carpal tunnel syndrome, status post release surgery. There, the ALJ finds that "the objective medical evidence of left carpal tunnel syndrome only supported those limitations identified in the residual functional capacity." (AR 779-780.) In coming to this determination, the ALJ noted that the claimant testified that she had "no limitations associated with her carpal tunnel syndrome aside from difficulty gripping with the hand, which she attributed to arthritis and getting older." (AR 779.) This is consistent with the medical evidence that Plaintiff had "normal alignment" after surgery, reported happiness with the results of the surgery, and had "normal musculoskeletal range of motion." (AR 779, 532-538, 406; 1512.) The ALJ also reasonably found Plaintiff's

[4] Degenerative joint disease of the bilateral knee (778); left carpal tunnel syndrome, status post release surgery (779); obstructive sleep apnea (780); obesity (*id.*); mental residual functional capacity (*id.*); general statements of daily living inconsistent with symptoms (779, 781).

claimed difficulty interacting with others inconsistent with evidence that she lived with her long-term boyfriend, regularly visited with family members, and operated a business with regular customers. (AR 781.)

Unlike the conclusory reasoning rejected in *Brown-Hunter*, the ALJ here identified particular portions of Plaintiff's testimony and linked them to evidence he found inconsistent with the asserted degree of limitation. *Brown-Hunter v. Colvin*, 806 F.3d 487, 489 (9th Cir. 2015) (holding that "an ALJ does not provide specific, clear, and convincing reasons for rejecting a claimant's testimony by simply reciting the medical evidence in support of his or her residual functional capacity determination … we require the ALJ to specify which testimony she finds not credible, and then provide clear and convincing reasons, supported by evidence in the record, to support that credibility determination."). "Because the grounds upon which an administrative order must be judged are those upon which the record discloses that its action was based, the agency must explain its reasoning." *Treichler*, 775 F.3d at 1102 (citation modified). The ALJ's decision therefore sufficiently identifies the testimony he discounted and the reasons for doing so.

**B. <u>Evaluation of Lay Witness Testimony</u>**

Plaintiff argues that the decision fails to offer any specific reasons germane to Ms. Page's testimony to reject it. (Merits Brief, Dkt. No. 14 at 18.) In response, the Commissioner maintains that the ALJ properly discussed statements from Ms. Page throughout the decision and that the medical evidence did not support the extent of the limitations Ms. Page claimed. (Responsive Brief, Dkt. No. 18 at 15.) The Court finds that the ALJ provided germane reasons for discounting Ms. Page's lay witness testimony.

**1. Ms. Page's lay witness testimony**

Ms. Page, Plaintiff's mother, submitted a third-party function report provided by the Social Security Administration detailing her observations of Plaintiff. (AR 338-345.) Ms. Page stated that Plaintiff had been depressed since her daughter died by suicide and that Plaintiff later lost her job because she could not function thereafter. (AR 338, 344.) Plaintiff was described as having trouble getting motivated, staying concentrated, and remembering

tasks. (AR 339, 340, 342.) Ms. Page described Plaintiff as not able to function outside the home due to stress and anxiety. (AR 343.) Additionally, Plaintiff is a slow walker and can walk very little because she runs out of breath and needs to rest. (AR 343.)

**2. Applicable standards**

An ALJ must provide germane reasons for rejecting or discounting competent lay witness testimony. *Fain v. Bisignano*, No. 25-3219, 2026 WL 2795427 (9th Cir. Sept. 18, 2026). Although 20 C.F.R. § 404.1520c(d) provides that an ALJ is not required to articulate how evidence from nonmedical sources was considered using the requirements applicable to medical opinions and prior administrative medical findings, the Ninth Circuit has held that the 2017 regulatory revisions did not abrogate the germane-reasons standard. *Fain*, 2026 WL 2795427. Lay witnesses may provide competent evidence based on personal observations of a claimant's symptoms and daily functioning. *See Dodrill v. Shalala*, 12 F.3d 915, 918-19 (9th Cir. 1993). The germane-reasons requirement is not onerous. *Fain*, 2026 WL 2795427. For example, an ALJ may discount lay testimony when the claimant's activities contradict the witness' assessment or when a more persuasive medical opinion conflicts with the lay testimony. *Id.*

**3. The ALJ did provide germane reasons for rejecting the lay witness testimony**

The ALJ discussed Ms. Page's statements throughout the decision, including the limitations she attributed to Plaintiff, and differences between Ms. Page's account and Plaintiff's own statements. (AR 777, 781, 785.) The ALJ further discussed how he considered the statements from Ms. Page about Plaintiff's limitations, including alleged limitations regarding Plaintiff's ability to walk, climb stairs, and remember. (AR 785.) The ALJ explained that the medical evidence did not support the extent of the limitations Ms. Page claimed, as the ALJ had previously discussed regarding Plaintiff's own testimony. (AR 785.) The ALJ therefore provided germane reasons for discounting Ms. Page's testimony. *See Bayliss v. Barnhart*, 427 F.3d 1211, 1218 (9th Cir. 2005) (inconsistency with medical evidence is a germane reason for discrediting the testimony of lay witnesses);

*Darch v. Bisignano*, No. 24-5892, 2025 WL 2945593, at *2 (9th Cir. Oct. 17, 2025) (ALJ's reasoning that the claimant's mother's description of her seizures was not supported by the record was a specific, germane reason for discounting the lay testimony).

## IV. CONCLUSION

For the reasons set forth above, the final decision of the Commissioner is **AFFIRMED**. The Clerk is directed to enter judgment and close this case.

**IT IS SO ORDERED**.

Dated: September 25, 2026

Hon. Steve B. Chu
United States Magistrate Judge